UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel A. Kalm,                                    Civil No. 05-1165 (JNE/FLN)

        Petitioner,

        v.                                         **REPORT AND RECOMMENDATION**

Joan Fabian, Commissioner of
Corrections, and Robert Fenis,
Warden MCF-Rush City,

        Respondents.

_____

Pro Se Plaintiff.
Steven Cundy, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the

Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [#1]. This Court issued

an Order directing Respondents to show cause why Petitioner's Writ should not be granted. [#3].

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Petitioner's Petition

be dismissed with prejudice.

## I. BACKGROUND

Petitioner Daniel Kalm, a prisoner of the State of Minnesota, is currently incarcerated at the

Minnesota Correctional Facility in Rush City ("MCF-Rush City"). Petitioner is serving a 115-month

sentence imposed by a Minnesota state district court for conspiracy to commit a first-degree

controlled substance crime (manufacture of methamphetamine), and for a fifth-degree controlled

substance crime (possession).

According to the evidence produced at Petitioner's trial and motion hearings, the incidents upon which Petitioner was found guilty occurred in August 2002.  See Petitioner's Brief to Minnesota Court of Appeals.  One of Petitioner's friends, Eddie Gregory, learned that Petitioner had failed to make a court appearance on a Hennepin County charge for which Gregory had posted a $300 bond as a favor.  Gregory drove to Hinckley, Minnesota, where he suspected Petitioner was living with his sister, Barbara Alle.

After some children at the Alle residence told Gregory that Petitioner was not present, Gregory enlisted the aid of Pine County Deputy Dan Vosika.  Vosika was in the midst of an ongoing investigation of Alle for a suspected methamphetamine manufacturing venture on her property. Vosika confirmed that a Hennepin County bench warrant for Petitioner's arrest had issued the previous week.  Vosika and Deputy Scott Grice went to Alle's property, which included a house, garage and several outbuildings.  The deputies knocked on the door of the house and several children answered.  They told Vosika that Petitioner was in the living room and gestured toward an area inside the house.  The deputies took this as an invitation to enter and followed the children's direction toward the living room.  There, they discovered Petitioner slumped over in a chair, apparently under the influence of alcohol or drugs.  Petitioner was cooperative and allowed Vosika to search his clothing.  In a pocket of Petitioner's overalls, Vosika found a syringe filled with liquid. He arrested Petitioner and escorted him out of the residence.

Because the house was in a state of disarray and there were no other adults around, the deputies decided to remove the children from the house.  While he was gathering the children, Deputy Grice noticed glass cookware and aluminum foil that seemed to be evidence of a methamphetamine manufacturing operation.  Grice reported his observations to Vosika.

After Petitioner was arrested, Vosika prepared a search warrant and got it signed.   A team of law enforcement officers executed the warrant and found a multitude of items that might be found in a methamphetamine lab in the basement of the house and in the garage.   They seized bottles suspected of containing ephedrine, coffee filters that had been used to filter substances, rubber tubing, a variety of chemicals, stripped batteries, and containers of liquids and mixtures.

Before the search was completed, sometime after midnight, a van entered the property.   In the back of the van were four propane tanks.   Deputies suspected that they contained anhydrous ammonia, an ingredient of methamphetamine, because the van smelled strongly and at least one of the tanks had a discolored valve.   The deputies arrested the driver and confiscated the van.

Later testing established that the materials seized included methamphetamine residue, ephedrine, and mixtures containing ephedrine.   The tanks from the van tested positive for anhydrous ammonia.   The substance found in Petitioner's overalls was methamphetamine.

Petitioner was charged with two counts of conspiracy to commit first-degree controlled substance crime (manufacture of methamphetamine), one count of first-degree controlled substance crime (manufacture of methamphetamine), one count of attempted first-degree controlled substance crime (manufacture of methamphetamine), and one count of fifth-degree controlled substance crime (possession).

A contested omnibus hearing was held on September 20, 2002.   See Omnibus Hearing Transcript.   At that hearing, Petitioner argued that the deputies who entered Alle's home exceeded the scope of consent given by the adolescent children residing there.   The court found that the deputies were given valid consent to enter the dwelling to arrest Petitioner, but exceeded the scope of that consent when Deputy Grice searched the dwelling for children or other occupants after

-3-

arresting Petitioner on the outstanding warrant and removing three children from the home for their safety. See Omnibus Order and Memorandum. While searching for other occupants, Deputy Grice had seen glassware and aluminum foil in a bedroom and advised the other deputy of his observations. Deputy Vosika cited those observations in his search warrant application. See Omnibus Order and Memorandum. The court noted that Petitioner did not challenge the search warrant that Deputy Vosika applied for, despite the fact that the warrant application contained information that the Court ruled was unlawfully viewed when the deputy conducted a sweep of the home after arresting Petitioner. The court did not suppress the introduction of the glassware and foil, but held that those items would have been inevitably discovered during the later search conducted with the warrant. See Omnibus Order and Memorandum.

A jury trial was held in Pine County District Court on November 13-20, 2002. The jury convicted Petitioner of the conspiracy and fifth-degree controlled substance crime charges, but acquitted him of the two remaining charges. At sentencing, the judge vacated one of the conspiracy charges after concluding that the two charges involved overlapping periods of time and were part of the same behavioral incident. The judge sentenced Petitioner to 115 months in prison for the conspiracy conviction and a concurrent 15 months for the fifth-degree controlled substance crime conviction. Kalm appealed the convictions to the Minnesota Court of Appeals.

On appeal, Petitioner raised the following issues: (1) whether the deputies could have obtained a search warrant without including the unlawfully acquired evidence in the search warrant; (2) whether the trial court abused its discretion in denying his motion for a mistrial after the state's witness testified that Petitioner had a warrant for his arrest even though the trial court specifically excluded that evidence in a pretrial order; and (3) whether the evidence was sufficient to support the

jury's verdict that Petitioner was guilty of conspiracy to manufacture methamphetamine.  The Court of Appeals affirmed Petitioner's convictions.  State v. Kalm, No. A03-211, 2004 WL 614795 (Minn. App. Mar. 30, 2004) (J. Randall dissenting), rev. denied (Minn. June 15, 2004).  Petitioner appealed to the Minnesota Supreme Court, raising issues 1 and 2 as grounds for appeal.  The Minnesota Supreme Court denied the application for further review.

Petitioner then filed the instant Petition seeking federal habeas corpus review of his conviction and sentence.  He raises two grounds for relief: (1) whether his conviction is based upon evidence obtained pursuant to an unconstitutional search and seizure; and (2) whether his conviction is supported by substantial evidence.  See Petition p. 5.  For the reasons discussed below, the Court concludes that Petitioner is not entitled to a writ of habeas corpus on either of his two grounds for relief.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus claims raised by state prisoners.  The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court held that:

> A state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours....

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. 529 U.S. at 409, 411.

A writ of habeas corpus may also be available where the state courts' resolution of a case is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court...presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).

Needless to say, a federal district court is not allowed to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has

been interpreted by the Supreme Court in <u>Williams</u>.

## III.  DISCUSSION

### A.      Petitioner's First Ground for Relief Is Barred by <u>Stone v. Powell</u>

Petitioner seeks habeas corpus relief on the ground that the search of the Alle house was unconstitutional because the search warrant was based on unlawfully obtained evidence. Petitioner's Fourth Amendment claim must be summarily dismissed pursuant to the Supreme Court's decision in <u>Stone v. Powell</u>, 428 U.S. 465 (1976).  There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  <u>Id.</u> at 482.  The holding of Stone is clearly applicable here.

Petitioner was given a full and fair opportunity to raise his Fourth Amendment search and seizure claims in his state court proceedings.   Indeed, Petitioner did in fact raise his Fourth Amendment claims in the state courts, and they were in fact fully litigated.  The record shows that the state district court conducted an omnibus hearing on Petitioner's unlawful search claim and ruled that the evidence was admissible under the inevitable discovery doctrine.  Petitioner had a second full and fair opportunity to raise his Fourth Amendment claims on direct appeal to the Minnesota Court of Appeals, and he also took advantage of that opportunity.  His search and seizure claims were fully raised, argued and adjudicated by that court.   Under <u>Stone</u>, the federal courts are not empowered to examine whether the state courts made errors of law in deciding the Fourth Amendment issues argued by a habeas petitioner.  <u>Poole v. Wood</u>, 45 F.3d 246, 249 (8th Cir. 1995). While Petitioner obviously disagrees with the outcome of the state trial and appellate courts, he

cannot deny that the state gave him a full and fair opportunity to litigate his Fourth Amendment claims.  Because Petitioner received an opportunity to present his Fourth Amendment claims in the state courts, <u>Stone</u> precludes the federal district court from entertaining those claims in a habeas corpus proceeding.  Plaintiff's first ground for relief is barred.

**B.**     **Plaintiff's Second Ground for Relief Is Procedurally Barred Because He Did Not Fairly Present it to the State Courts**

Plaintiff's claim that his conviction is unsupported by sufficient evidence is unexhausted because he never fairly presented this ground for relief to the state courts.  Federal habeas relief is only available to a person in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).  As a threshold matter, a petitioner must present a federal question in his petition for relief.  Moreover, the same federal claim must have been presented to the state court, and the petitioner must allege verified facts pointing to the real possibility of constitutional error.  <u>Carson v. Director, Iowa Dep't of Correctional Servs.</u>, 150 F.3d 973, 975 (8th Cir. 1998).

Exhaustion of state remedies is governed by whether the petitioner has presented a fair opportunity to the state court to rule on the claims presented in the federal petition.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 277 (1971).  According to the law of the Eighth Circuit, a federal claim is fairly presented to the state courts if "the applicant for a writ of habeas corpus refer[s] to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts."  <u>Kelly v. Trickey</u>, 844 F.2d 557, 558 (8th Cir. 1988), quoting <u>Martin v. Solem</u>, 801 F.2d 324, 330 (8th Cir. 1986).

Here, Petitioner did not alert the Minnesota state courts to the federal nature of his claim.

-8-

In his Petition for Review by the Minnesota Supreme Court, Petitioner cited no state case law indicating that the issue of sufficiency of the evidence was decided on federal grounds.  He never argued that his rights under the federal constitution were violated or gave any federal law basis for his claims.  Rather, Petitioner argued that the Court of Appeals erred in citing the hearsay statement of a co-defendant as evidence supportive of his first-degree controlled substance crime conviction.  See Petition for Review p. 5.  Petitioner never argued that the courts' reliance on that evidence violated his federal rights.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").  There is nothing in the Petition for Review that would have alerted the Minnesota Supreme Court to the presence of a federal issue with respect to Petitioner's claim that his conviction was not supported by sufficient evidence.

Likewise, Petitioner did not present his claim of insufficiency of the evidence as a federal issue to the Court of Appeals.  His brief to that court did not state any federal basis for his current claims.  The brief never argues that Petitioner's rights under the federal constitution were violated, gives any federal-law basis for his claims, or cites any state case law that indicates that the case was decided on federal grounds.  In his pro se supplemental brief, Petitioner cites all Minnesota statutes and decisions with the exception of one United States Supreme Court decision, United States v. Falcone, 311 U.S. 205 (1940).  Even if the court of appeals were to have considered the supplemental brief,  the decision in Falcone would not have provided notice to the court of the

federal nature of Petitioner's claim.[1]

Even in his Petition for habeas relief, Petitioner does not claim that the state court acted contrary to any United States Supreme Court case law.  He merely alleges that his conviction violated the Fourteenth Amendment because it was unsupported by sufficient evidence and because the courts relied on inadmissible evidence.  See Petition p. 5.  Petitioner's cursory reference to the Fourteenth Amendment is insufficient to state a basis for habeas relief.  See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (mere conclusions of violation of federal rights in a federal habeas petition without specifics do not state a basis for habeas corpus relief).

In short, Petitioner never fairly presented his second claim for relief to the state courts.  See Kelly, 844 F.2d at 558; Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (petitioner's claim of insufficient evidence amounting to constitutional error unexhausted because not fairly presented to state courts).  Petitioner has never framed or litigated his sufficiency of the evidence claim as implicating federal law.  Federal courts will not review a state court's determination of state law. See Estelle, 502 U.S. 62.  Petitioner never exhausted his claim for relief.

### C.   Plaintiff's Second Ground for Relief Is Procedurally Defaulted and Will Not Be Entertained

As set forth above, Petitioner has failed to exhaust his claim regarding the sufficiency of the evidence.  The relevant question then becomes whether this claim satisfies the exhaustion

---

[1]

The Court in Falcone held that a charge of conspiracy under 18 U.S.C. § 88 could not be maintained between a supplier who knew the materials provided were to be used illicitly and the people who illegally distilled the liquor because the supplier did not agree to participate in the distilling conspiracy.  Falcone is inapplicable to Petitioner's conviction and the evidence supporting it because he was never found to be supplying any materials to the illegal operation.  More importantly, the decision in Falcone implicates no federal constitutional issue.  The Supreme Court's interpretation of the federal criminal code has no bearing on Petitioner's conviction under state law.  The interpretation of the state penal code and the charge for conspiracy to manufacture methamphetamine, and the evidence required to establish the conspiracy, are questions of state law.  See Albertson v. Millard, 345 U.S. 242, 244 (1953) (construction given to state statute by state courts is binding upon federal courts); Barrett v. Acevedo, 169 F.3d 1155, 1163 (8th Cir. 1999).

requirement because of a procedural bar at the state court level.  Under Minnesota state law, when

a petitioner has directly appealed a conviction, all claims raised in the appeal and all matters that

were known but not raised, "will not be considered upon a subsequent petition for post-conviction

relief."  Greer v. State, 673 N.W.2d 151, 155 (Minn. 2004) (citations omitted).  On his appeal,

Petitioner failed to frame his arguments as implicating federal law.  Thus, Petitioner's claims were

"matters known but not raised."  His failure to present these claims has effectively barred him from

raising them again in a collateral state court action.  Id.  Accordingly, these claims are procedurally

defaulted pursuant to Minnesota law.

When a state-law default prevents the state court from reaching the merits of a federal claim,

that claim can ordinarily not be reviewed in federal court.  Yist v. Nunnemaker, 501 U.S. 797, 801

(1991).  A claim that has been procedurally defaulted in the state courts will not be entertained in

a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse

his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal

court declined to consider the claim.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioner

has not argued or demonstrated cause for failing to properly pursue his claim in his appeal to the

state appellate courts.  Nor has he made any contention or showing of actual innocence necessary

to invoke the fundamental miscarriage of justice exception.  See McCall v. Benson, 114 F.3d 754,

758 (1997).  Accordingly, Petitioner's claim should be rejected on the grounds of procedural default.

### D.    Plaintiff Fails to Establish a Fourteenth Amendment Violation

As discussed, Petitioner failed to exhaust his claim regarding sufficiency of the evidence,

and it is procedurally barred.  Even if the Court were to entertain Petitioner's alleged Fourteenth

Amendment violations, however, it would be denied on the merits.  In his Petition, Petitioner alleges

that his conviction violated the Fourteenth Amendment because it was unsupported by sufficient evidence.  In considering a sufficiency of the evidence claim within the context of section 2254, federal courts must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("[U]nder 28 U.S.C. § 2254 ... the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt") (citation omitted).  We presume the findings of fact made by the state courts are correct unless Petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir.2003).

Based on the evidence presented at trial, the Minnesota Court of Appeals held the jury properly convicted Petitioner of conspiracy to manufacture methamphetamine.  Under Minnesota law, the crime of conspiracy requires (1) an agreement between two or more people to commit a crime, and (2) an overt act in furtherance of the conspiracy. State v. Kuhnau, 622 N.W.2d 552, 556 (Minn. 2001).

On his direct appeal, Petitioner argued that there was insufficient evidence to establish an agreement between him, his sister and others to manufacture methamphetamine.  Kalm, 2004 WL 614795, at *4.  A conspiracy agreement need not be established by proof of a formal agreement, but can be inferred from the circumstances.  State v. Vereb, 643 N.W.2d 342, 348 (Minn. App. 2002). The agreement required for a conspiracy must be shown by evidence that objectively indicates an agreement.  Hatfield, 639 N.W.2d at 376.  "[W]here several persons commit separate acts which form parts of a connected whole, an inference of conspiracy--that there was concert in both planning

-12-

and execution--is permissible." State v. Burns, 215 Minn. 182, 189, 9 N.W.2d 518, 522 (1943).  The evidence, viewed in the light most favorable to the verdict, demonstrates the following:  Petitioner's nephews testified that Petitioner had been living at Alle's residence for several months prior to his arrest; pieces of burned tinfoil were found in Alle's bedroom during the execution of the search warrant and other items associated with the manufacture of methamphetamine were found in the basement where the nephews testified that Alle spent much of her time; one nephew testified that Alle had reinstalled the security camera on the property and that he thought Alle and Petitioner were manufacturing methamphetamine because they frequently went to the garage to talk; two of the nephews testified that the driver of the van containing the anhydrous ammonia frequented the property and often spoke with Alle and Petitioner.  Viewing the evidence in the light most favorable to the verdict, the jury reasonably inferred that appellant had an agreement to manufacture methamphetamine with Alle and the van driver.  The Minnesota Court of Appeals reasonably determined that the evidence was sufficient to support Petitioner's conviction for conspiracy to manufacture methamphetamine.  Based on the evidence, and applying the Jackson v. Virginia standard, we are satisfied that the Minnesota courts' resolution of this issue was not an unreasonable application of clearly established federal law.  Petitioner is not entitled to federal habeas relief on his claim of insufficient evidence.

## IV.  RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED,** and that this action be **DISMISSED WITH PREJUDICE.**

-13-

DATED: February 3, 2006                    s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 17, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.